UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
CORY McKENSTRY,                     :
                                    :
               Petitioner,          :    Civ. No. 14-1875 (RBK)
                                    :
     v.                             :    OPINION
                                    :
J.T. SHARTLE,                       :
                                    :
               Respondent.          :
_____:
```

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that he is entitled to an additional 28-30 months of jail time credit on his federal sentence. For the following reasons, the habeas petition will be denied.

## II.   BACKGROUND

On March 11, 2005, petitioner was arrested for narcotics and weapons offenses in Baltimore, Maryland. On April 8, 2005, the State of Maryland issued a probation violation warrant against petitioner. On April 22, 2005, the probation violation warrant was served. On June 14, 2005, petitioner was indicted in the United States District Court for the Maryland on charges for possession of a firearm by a prohibited person and possession with intent to distribute cocaine base. On June 22, 2005, the Circuit Court of Baltimore City issued a *nolle prosequi* on the state narcotics and weapons charges brought against petitioner.

1

On September 26, 2007, petitioner's Maryland probation was revoked and he was sentenced to a nine-year state sentence. Petitioner admits that he received credit on that state sentence from April 20, 2005 until September 25, 2007 for the time he had served. (*See* Dkt. No. 1 at p. 3.)

On November 16, 2007, petitioner was sentenced in the District of Maryland on his federal charges to 100 months imprisonment after he had pled guilty to possession of a firearm by a prohibited person. The federal sentence was to run consecutively to any outstanding state or federal sentence that petitioner was currently serving. (*See* Dkt. No. 3-6 at p. 3.)

On November 10, 2011, petitioner was released from his Maryland state sentence. He was turned over to the U.S. Marshals as a detainer had been lodged against petitioner to commence service of his federal sentence upon the completion of his state sentence. The Federal Bureau of Prisons ("BOP") awarded petitioner forty days of prior jail time credit against his federal sentence for the period from March 11, 2005 to April 19, 2005 as that time had not been previously counted towards any sentence. The BOP calculates that petitioner's projected release date from his federal sentence is January 2, 2019.

Petitioner challenges the amount of jail time credit that the BOP has awarded him on his federal sentence. He claims that he is entitled to be awarded 28-30 additional months of jail time credit. He argues that the BOP was not authorized to interrupt his federal sentence once it commenced. He asserts that his federal sentence should be deemed to have commenced on March 11, 2005.

### III.   DISCUSSION

Petitioner argues that he has not been awarded 28-30 months of additional jail time credits he has earned on his federal sentence while he was in custody. This type of claim is

2

properly raised in a § 2241 habeas petition. *See Cabada v. Zickefoose*, 432 F. App'x 161, 163 (3d Cir. 2011) (noting that District Court had subject matter jurisdiction under § 2241 on petitioner's claim that BOP miscalculated jail time credits). Determining a term of imprisonment comprises two steps: (1) "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served[;]" and (2) a defendant receives credit for time spent in custody "prior to the date the sentence commences . . . that has not been credited against another sentence." *See* 18 U.S.C. § 3585(a) & (b); *see also Nieves v. Scism*, 527 F. App'x 139, 140-41 (3d Cir. 2013) (per curiam) ("In calculating a sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled.") (citation omtted). "[A] federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section 3585(b) makes clear that prior custody credit cannot be double counted." *See Williams v. Zickefoose*, 504 F. App'x 105, 107 (3d Cir. 2012) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).

"[A] federal sentence cannot begin to run earlier than on the date on which it is imposed." *Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (per curim) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)). Furthermore, "[a] federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum" because "the state remains the primary custodian in those circumstances." *Carmona v. Williamson*, No. 05-0022, 2006 WL 3042967, at *2 (M.D. Pa. Oct. 23, 2006) (citations omitted); *see also Garcia v. Bureau of Prisons*, No. 06-0089, 2006 WL 2645122, at *2 n.2 (D.N.J. Sept. 13, 2006) (noting that sovereign who acquires custody first in

time has primary custody over the defendant and that primary custody remains vested in the jurisdiction which first arrested the defendant "'until that jurisdiction relinquishes its priority by e.g., bail release, dismissal of state charges, parole release, or expiration of sentence . . . . Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.'") (quoting *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996), *aff'd by*, 100 F.3d 946 (3d Cir. 1996)).

In this case, petitioner was initially taken into state custody for local narcotics and gun violations.  He was then charged for violating his parole in Maryland.  Subsequently, petitioner was then charged with his federal crimes.  Thus, as petitioner was first arrested on stage charges and remained in the primary custody of the State of Maryland until his release from his state sentence, it was not until November 10, 2011, when petitioner was released from his Maryland state sentence and taken into federal custody pursuant to the detainer that the state relinquished jurisdiction and his federal sentence commenced.  *Accord Negron v. United States*, No. 12-0957, 2013 WL 5720162, at *3 (M.D. Pa. Oct. 21, 2013) (citation omitted); *Chambers*, 920 F. Supp. at 622 ("Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation).

As petitioner's federal sentence began on November 10, 2011, the next step is to determine whether petitioner is entitled to any prior jail time credit.  Both parties first note that petitioner was given forty days jail time credits on his federal sentence from March 11, 2005 to April 19, 2005, as that period of custody had not been applied to any previous sentence.  Furthermore, it is worth noting that both parties agree that the time period from April 20, 2005 to September 25, 2007 (or the period that petitioner claims should be applied to his federal

sentence) was applied to his nine-year state sentence. Accordingly, as petitioner was previously awarded jail time credit for this period on his state sentence, he may not receive jail time credit for this period on his federal sentence as this would constitute impermissible double counting. *See* 18 U.S.C. § 3585(b); *see also Graham v. Zickefoose*, No. 12-4887, 2013 WL 1786332, at *6 (D.N.J. Apr. 25, 2013) (noting that petitioner is not entitled to jail time credits to his federal sentence where time was credited towards his state sentence).

The cases that petitioner relies on in his briefs do not warrant granting him federal habeas relief. For example, in both his original habeas petition and his reply brief, petitioner cites to *United States v. Woolfolk*, 399 F.3d 590 (4th Cir. 2004). *Woolfolk* involved a defendant who invoked the Speedy Trial Act in attempting to dismiss his federal criminal action. In that case, Woolfolk was initially arrested by local police for driving under the influence. *See id.* at 593. The officer also found crack cocaine when he searched the vehicle. *See id.* Subsequently, a federal criminal complaint was entered against the defendant in federal court for knowingly possessing with intent to distribute crack cocaine. *See id.* A federal detainer was then entered against the defendant as he was still in the custody of the state authorities from his DUI arrest. *See id.* The state proceedings were terminated on April 10, 2003, but the defendant was not released at that time. *See id.* Instead, the record indicated then at that time that the only reason Woolfolk was being held was because of the federal detainer. *See id.* The defendant was not brought before a magistrate judge for his initial appearance however until July 10, 2003. On August 7, 2003, a federal grand jury indicted the defendant. *See id.* at 594. Woolfolk sought to dismiss the indictment arguing that the delay between the filing of the criminal complaint and the arrest warrant and serving of the detainer and the indictment violated the Speedy Trial Act. *See id.*

In *Woolfolk*, the Fourth Circuit noted that for purposes of the Speedy Trial Act, "if a person is held in state custody at the request of federal authorities, the date of arrest by state officers is controlling." *Woolfolk*, 399 F.3d at 596 (internal quotation marks and citations omitted). However, it also noted that an individual being held by state authorities is not under federal arrest or federal custody "at least while the state has valid charges currently pending against an individual." *Woolfolk* is therefore distinguishable in two ways. Unlike *Woolfolk*, petitioner's case involves the award of prior jail time credits by the BOP as opposed to determining when the Speedy Trial Act provisions become applicable. As stated above, jail time credits cannot be double counted and the period from April 20, 2005 to September 25, 2007 was already counted towards his state sentence. Nevertheless, even if *Woolfolk* had some tangential relevance to petitioner's jail time credit issue, unlike the defendant in *Woolfolk*, petitioner had pending state charges against him while he was in state custody (first the local narcotics and weapons charges and then the violation of parole charge). Thus, the federal detainer was not the exclusive reason for his confinement until such time as petitioner finished serving his nine-year state sentence. *Accord Negron*, 2013 WL 5720162, at *4. Accordingly, petitioner's reliance on *Woolfolk* in this case does not warrant granting him federal habeas relief.

## IV.     CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.


DATED: July 2, 2014

                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge